UNITED STATES of America,
Plaintiff–Appellee,

v.

Ivan De Jesus LOPEZ–ILUSTRE,
Defendant–Appellant.

No. 14–50097.

United States Court of Appeals,
Ninth Circuit.

Submitted April 7, 2015.*

Filed April 13, 2015.

Christopher Alexander, Assistant U.S., Brandon James Kimura, Esquire, Special Assistant U.S., Peter Ko, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

James Fife, Federal Defenders of San Diego, San Diego, CA, for Defendant–Appellant.

Before: FISHER, TALLMAN, and NGUYEN, Circuit Judges.

## MEMORANDUM **

Ivan De Jesus Lopez–Ilustre appeals from the district court's judgment and challenges the 72–month sentence imposed following his guilty-plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952 & 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Lopez–Ilustre contends that the district court procedurally erred by failing to award him a mitigating role adjustment under U.S.S.G. § 3B1.2. We review the district court's interpretation of the Sentencing Guidelines de novo, its application of the Guidelines to the facts of the case for abuse of discretion, and its determination that a defendant was not a minor participant for clear error. *See United States v. Hurtado,* 760 F.3d 1065, 1068 (9th Cir.2014).

Contrary to Lopez–Ilustre's argument, the record shows that the district court properly applied the Sentencing Guidelines and our precedent, basing its denial of the adjustment on the totality of the circumstances and a comparison of Lopez–Ilustre's culpability to that of other individuals in the smuggling operation. *See U.S.S.G.* § 3B1.2 cmt. n. 3(A), (C); *Hurtado,* 760 F.3d at 1068–69. The district court appropriately required Lopez–Ilustre to establish his eligibility for the mitigating role adjustment by a preponderance of the evidence. *See United States v. Zakharov,* 468 F.3d 1171, 1181 (9th Cir.2006). Moreover, the district court did not clearly err in denying the mitigating role adjustment when Lopez–Ilustre smuggled a significant quantity of a dangerous drug, was promised compensation for his services, and used a vehicle registered in his own name to commit the offense. *See Hurtado,* 760 F.3d at 1069.

Lopez–Ilustre also argues that his sentence is substantively unreasonable because it does not reflect his true culpability. The district court did not abuse its discretion in imposing Lopez–Ilustre's sentence. *See United States v. Rodriguez–Castro,* 641 F.3d 1189, 1194 (9th Cir.2011).

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The below-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances. *See id.*

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.